[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12446

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 12, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00250-CR-5-RDP-JEO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAURUS JAVIER BLACKBURN,
JEREMY TRAVON MALONE,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Alabama

_____

(August 12, 2009)

Before CARNES and PRYOR, Circuit Judges, and STAGG,* District Judge.

PER CURIAM:

Taurus Javier Blackburn and Jeremy Travon Malone appeal their

_____

* Honorable Tom Stagg, United States District Judge for the Western District of
Louisiana, sitting by designation.

convictions for conspiracy to distribute and possess with intent to distribute cocaine base ("crack cocaine") pursuant to 21 U.S.C. §§ 841 and 846. Additionally, Blackburn appeals his conviction for distribution of crack cocaine pursuant to 21 U.S.C. § 841(a)(1). On appeal, Blackburn and Malone contend that the evidence was insufficient to support their convictions. Blackburn further contends that the district court abused its discretion by giving the jury an Allen[1] charge. Additionally, Malone contends that the district court abused its discretion (1) in dismissing a prospective juror for cause for stating that he would require the government to prove the defendants' guilt to a mathematical certainty, (2) by permitting testimony that six one-gallon bags of marijuana were discovered in Malone's apartment at the time of his arrest, and (3) by permitting testimony that Malone escaped and fled after he was arrested.

## I. Sufficiency of the evidence

We review challenges to the sufficiency of the evidence de novo, with the evidence viewed in the light most favorable to the government. See United States v. Garcia, 405 F.3d 1260, 1269 (11th Cir. 2005). A defendant's conviction must be affirmed unless a jury could not, under a reasonable construction of the evidence, have found him guilty beyond a reasonable doubt. See id. The

---

[1] Allen v. United States, 164 U.S. 492, 17 S. Ct. 154 (1896).

2

sufficiency of the government's evidence to convict Malone depends solely upon its case-in-chief, as Malone did not present a defense.  See United States v. Belt, 574 F.2d 1234, 1236-37 (5th Cir. 1978)[2].

To convict a defendant for distribution of crack cocaine, the government must prove that the defendant knowingly and intentionally distributed the crack cocaine.  See 21 U.S.C. § 841(a)(1).  To convict a defendant for conspiracy to possess with intent to distribute cocaine, the government must establish beyond a reasonable doubt that (1) there was an illegal agreement to distribute crack cocaine, (2) of which the defendant was aware, and (3) he knowingly and voluntarily joined it.  See United States v. Hernandez, 433 F.3d 1328, 1333 (11th Cir. 2005).  The illegal agreement prong requires the government to prove that the defendant came to a "meeting of the minds" with someone else to achieve the unlawful result.  See United States v. Arbane, 446 F.3d 1223, 1229 (11th Cir. 2006).  The agreement can be proved by circumstantial evidence, including the conduct of the alleged participants.  See United States v. Obregon, 893 F.2d 1307, 1311 (11th Cir. 1990).

When the government uses circumstantial evidence, the jury's verdict must be supported by reasonable inferences, and not mere speculation.  See United

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), we adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

States v. Charles, 313 F.3d 1278, 1284 (11th Cir. 2002). The evidence does not have to exclude every reasonable hypothesis of innocence, as a jury is permitted to choose between reasonable constructions of the evidence. See United States v. Cruz-Valdez, 773 F.2d 1541, 1545 (11th Cir. 1985) (en banc). Additionally, a jury may consider a defendant's disbelieved testimony as substantive evidence of his guilt, and when there is corroborative evidence of guilt, the defendant's denial of guilt may establish, by itself, elements of the crime. See United States v. Brown, 53 F.3d 312, 314-15 (11th Cir. 1995). This rule especially applies when the element that must be proven is the defendant's intent. See id. at 315.

Here, the evidence, when viewed in the light most favorable to the government, was sufficient to support both Blackburn's and Malone's conspiracy convictions. Contrary to Malone's assertion, the government did not have to prove that he possessed crack cocaine because he was not charged with possession of crack cocaine but with conspiring to distribute and to possess with intent to distribute crack cocaine. It is reasonable to infer that Blackburn and Malone knowingly and voluntarily conspired and agreed to distribute and possess with intent to distribute crack cocaine because (1) Malone mailed a package to Blackburn, who mailed it back two days later filled with 82.37 grams of powder cocaine, 50.53 grams of crack cocaine, and 12.1 grams of marijuana, (2) Blackburn

4

was visibly nervous, used a false name and return address, and listed an inoperative telephone number, (3) Blackburn and Malone talked several times during the course of the package being shipped back and forth, including talking five times over the phone on the date that Blackburn mailed the package back to Malone, and (4) Malone used his and his mother's computers to continually check on the delivery status of the package.  Additionally, it is reasonable to infer that Blackburn would not have mailed $6,500 to $7,000 worth of drugs, including 50.53 grams of crack cocaine worth $2,500, to Malone unless Blackburn and Malone had an agreement to possess the drugs with intent to distribute them.  See United States v. Quilca-Carpio, 118 F.3d 719, 722 (11th Cir. 1997) (stating that it is reasonable to infer that drug smugglers are not likely to entrust the drugs to an innocent person without the person's knowledge).  Further, the jury's finding that Blackburn's testimony denying his guilt was false is substantive evidence that he conspired with Malone to distribute and possess with intent to distribute crack cocaine.

The evidence was also sufficient to establish that Blackburn knowingly distributed crack cocaine by mailing the package, as (1) he was visibly nervous, (2) he used a false name and address, (3) he listed an inoperative telephone number, (4) he paid in cash, and (5) he taped the package so that all of the openings were

covered. Again, because there is corroborative evidence of guilt, Blackburn's disbelieved testimony that he did not know the package contained drugs is substantive evidence that he knowingly mailed the crack cocaine.

## II. Allen charge

We review the giving of an Allen charge for an abuse of discretion. See United States v. Woodard, 531 F.3d 1352, 1364 (11th Cir. 2008). A district court abuses its discretion only if the charge was inherently coercive. See id. In determining whether the charge was coercive, we consider the language used and the totality of the circumstances surrounding the charge, including (1) whether the jury was polled before the charge was given, and (2) the amount of time that elapsed between the charge and the return of the verdict. See id. We have held that the language of the pattern Allen charge is non-coercive. See id. In Woodard, we held that the district court did not abuse its discretion in giving a pattern Allen charge where there was no jury poll because (1) the court did not give the charge until after the second time that the jurors informed the court that they were deadlocked and (2) the jurors deliberated for four hours after the charge before they returned a verdict. See id.

The district court did not err by giving the Allen charge because the court gave the pattern instruction after the jurors informed the court for a second time

that they were deadlocked, and the jurors deliberated for a day after the charge was given.

### III.  Striking of prospective juror for cause

We review the district court's decision to strike a prospective juror for cause for an abuse of discretion.  See United States v. Brown, 441 F.3d 1330, 1356 (11th Cir. 2006).  A prospective juror can be impartial if he can set his personal opinions aside and render a verdict based solely on the evidence.  See United States v. Simmons, 961 F.2d 183, 184 (11th Cir. 1992).  Because the district court had the opportunity to see and hear the juror, we must give deference to the district court's determination that the juror will be unable to apply the law faithfully.  See Brown, 441 F.3d at 1357.  There are few aspects of a jury trial where we are less inclined to reverse a district court's exercise of discretion than with regard to striking a juror for cause.  See United States v. Tegzes, 715 F.2d 505, 509 (11th Cir. 1983).

The district court determined that the juror in question could not put aside his personal opinions and render a verdict based upon the evidence because the juror (1) testified that he would have a problem with passing any sort of judgment based upon circumstantial evidence and (2) stated several times that he would require that guilt or innocence be established to a mathematical certainty.  While the juror did not speak up when the panel was asked as a whole if they would have

7

trouble following the district court's instructions, when the question was asked to this juror personally, he stated that he would have trouble following the district court's instructions with regard to finding guilt based upon circumstantial evidence.

After hearing and observing the juror, the district court did not abuse its discretion in concluding that the juror would not be able to set aside his view that guilt or innocence had to be established to a mathematical certainty. See Simmons, 961 F.2d at 184; Brown, 441 F.3d at 1357. Additionally, the district court was not required to inquire further about the juror's views because the juror stated clearly that he would not be able to pass judgment based upon circumstantial evidence, and the parties had a full opportunity to question the juror prior to the court's ruling.

## IV. Evidence seized at the time of Malone's arrest

We review evidentiary rulings for an abuse of discretion. See United States v. Eckhardt, 466 F.3d 938, 946 (11th Cir. 2006). Federal Rule of Evidence 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

8

Fed. R. Evid. 404(b). We apply a three-part test in determining whether prior bad acts were admissible under Rule 404(b): (1) the evidence was relevant for a reason other than for establishing the defendant's character; (2) the probative value of the evidence was not substantially outweighed by undue prejudice; and (3) there was substantial evidence presented at trial that the defendant committed the prior act. See United States v. Ellisor, 522 F.3d 1255, 1267 (11th Cir. 2008). It is irrelevant whether the defendant committed the other crimes that are introduced under Rule 404(b) after, rather than before, he committed the charged offense. See United States v. Delgado, 56 F.3d 1357, 1365 (11th Cir. 1995). We do not need to consider the third prong when the defendant does not challenge the sufficiency of the evidence supporting the extrinsic act. See United States v. Matthews, 431 F.3d 1296, 1311 n.14 (11th Cir. 2005).

Malone argues that the district court abused its discretion by permitting testimony that marijuana and drug paraphernalia were found in his apartment at the time of his arrest because possession of marijuana was dissimilar to his charged conspiracy to possess with intent to distribute crack cocaine. Malone contends that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice, arguing that the extrinsic evidence was the only evidence that suggested that he was involved with drugs.

9

The officer's testimony regarding the items found in Malone's apartment was introduced to establish Malone's intent to enter into the conspiracy, and he made his intent a material issue by pleading not guilty. See Ellisor, 522 F.3d at 1267; Matthews, 431 F.3d at 1310-11. While Malone is correct that there are factual dissimilarities between the charged offense and the extrinsic evidence, the required degree of similarities between the evidence and the charged offense was low because the extrinsic evidence was introduced to establish intent in a drug case. See Matthews, 431 F.3d at 1311; Delgado, 56 F.3d at 1366. Further, the probative value of the extrinsic evidence was not substantially outweighed by undue prejudice because the evidence was necessary for establishing intent. The district court properly instructed the jurors that they could only consider the evidence in determining whether Malone had the intent necessary to commit the charged offense, not in deciding if he committed the underlying acts. See United States v. Jernigan, 341 F.3d 1273, 1282-83 (11th Cir. 2003). Therefore, the district court did not abuse its discretion by permitting evidence that six one-gallon bags of marijuana were found in Malone's apartment when he was arrested.

## V. Evidence of Malone's flight

We review the admission of flight evidence for an abuse of discretion, and we will not reverse absent a showing of clear abuse. See United States v. Blakey,

10

960 F.2d 996, 1001 (11th Cir. 1992). Evidence of flight is admissible to establish a consciousness of guilt, and thereby the defendant's guilt. See id. at 1000. The probative value of such evidence diminishes "if the defendant has committed several unrelated crimes or if there has been a significant time delay between the commission of the crime or the point at which the accused has become aware that he is the subject of a criminal investigation, to the time of flight." Id. at 1000-01 (citation omitted).

The interpretation to be drawn from a defendant's flight should be made with caution and based upon the facts of the particular case. See United States v. Borders, 693 F.2d 1318, 1325 (11th Cir. 1982). The probative value of flight as circumstantial evidence of guilt depends upon how confidently these four factual inferences can be drawn: "(1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged." Id. The more remote a defendant's flight is from the commission of an offense, the greater the likelihood that the defendant's flight resulted from something other than a consciousness of guilt with regard to that offense. See United States v. Myers, 550 F.2d 1036, 1051 (5th Cir. 1977); Borders, 693 F.2d at 1326.

11

Malone contends that the district court abused its discretion by permitting evidence regarding his attempted escape and resistance to arrest because he did not attempt to escape or resist arrest until after he was informed that officers were obtaining a search warrant for his apartment, which he contends establishes that his actions were based upon his fear that officers would find marijuana in his apartment, not that he had a guilty conscience regarding the charged offense. The government counters that the evidence was properly admitted because evidence of flight is admissible to demonstrate guilt and the district court instructed the jury that there might have been reasons for Malone's flight that were fully consistent with his innocence.

As this court has previously stated: "People, including jurors, realize that while '[t]he wicked flee when no man pursueth,' Proverbs 28:1 (KJV), they really flee when law enforcement is looking for them." United States v. Kennard, 472 F.3d 851, 855 (11th Cir. 2006). Malone fled shortly after he learned that he had been indicted for the drugs found in the seized package charged in the conspiracy. In addition, it appears Malone fled at the first available opportunity after he learned about the federal charges. The testimony of the arresting officer during direct and cross-examination only bolsters this conclusion:

> Q:    [W]hat, if anything, did you tell Mr. Malone as to why he was being arrested?

12

A: I advised Mr. Malone that he was being arrested for the incident that had occurred the following -- the previous July and that he was under arrest for trafficking in cocaine.

See Volume 4 at 396. As anyone in the "drug trade" would know, jail time for 50 grams of crack cocaine far exceeds that to be meted out for several pounds of marijuana.[3]

Prior to the testimony of the officer, the court gave a limiting instruction to the jury which stated that the similar act evidence could not be considered in deciding if Malone committed the acts charged in the indictment but that the acts could be considered for other very limited purposes. See Volume 4 at 393-394. In the final jury instructions, the court informed the jury that (1) post-arrest conduct is not, in itself, sufficient to establish guilt; (2) evidence of flight "may" -- not must -- be considered by the jury as evidence of consciousness of guilt and of guilt; (3) in considering the evidence of flight, there may be reasons for the conduct which are fully consistent with innocence; and (4) "[a] feeling of guilty does not necessarily reflect actual guilt of a crime." Volume 5 at 640. The district court did not abuse its discretion when it admitted evidence of Malone's flight.

**AFFIRMED.**[4]

---

[3] The difference would be between an offense level of 32 versus an offense level of 16. See U.S.S.G. § 2D1.1(Drug Quantity Table).

[4] This case was originally scheduled for oral argument, but the panel unanimously decided that oral argument was not necessary. See 11th Cir. R. 34-3(f).